GEO. LYNE & CO. *v.* M. S. FRANCEWAY & NESBIT.

**Fraudulent Conveyances.**

> In this suit to set aside a conveyance as fraudulent, the following facts appear: Franceway was greatly embarrassed and conveyed a house and lot to his brother-in-law, Nesbit. The payment was witnessed at Franceway's request by two nephews and no one else than relatives were present. Franceway's wife was Nesbit's sister. Nesbit was not present when the deed was prepared and executed and it was lodged for record by the grantor and he retained the possession of the premises and listed same for taxation, and in this proceeding he employed and paid counsel to defend. **Held,** that these facts warrant the conclusion that the whole transaction was nothing more than a family arrangement intended to secure to Franceway and his wife the continued enjoyment of property and a fraud upon creditors.

APPEAL FROM HENDERSON CIRCUIT COURT.

April 18, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

It is evident that Franceway was greatly embarassed at the time of his conveyance of the house and lot in Henderson to his brother-in-law Nesbit. The fact that the payment by Nesbit to him of the fourteen hundred dollars was witnessed at his request by two of their nephews, and that the subsequent payment of four hundred dollars on the note for eight hundred was again witnessed by one of the same nephews. And that at neither of these payments any one else than their relatives were present tends strongly to the conclusion that this transaction, seemingly so fair upon its face, was nothing more than a family arrangement intended to secure to Franceway and his wife, the latter of whom is the sister of Nesbit, the continued enjoyment of property which otherwise would have been in a very short time subjected to the payment of

the grantor's debts, that Franceway did not retain nor use the money paid to him by Nesbit is evidenced by the fact that within less than one year after the conveyance, he could not in giving his deposition, account for more than three hundred dollars of the money. It is scarcely possible that he could have forgotten what disposition he had made of the same in so short a time. These facts considered in connection with the further facts that Nesbit was not present when the conveyance was prepared and executed and that it was lodged for record by the grantor. That he has retained possession of the premises, that the same have been listed for taxation in his name, and that this proceeding is being defended by counsel employed and paid by him, make it almost impossible to escape the conclusion that he is the real party in interest, and that Nesbit is merely holding the title to the property for his benefit. We are of opinion that the conveyance is void as to the appellants. Wherefore the judgment is reversed and the cause remanded with instructions to subject so much of the property conveyed as may be necessary to the satisfaction of their claim.

*Yeaman,* for appellant.
*Vance,* for appellee.